**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Harold Schad, Jr., and Robert Glen Jones, Jr., <br><br>        Plaintiffs, <br><br> vs. <br><br> Janice K. Brewer, et al., <br><br>        Defendants. | No. CV-13-01962-PHX-ROS <br><br> <u>DEATH PENALTY CASE</u> <br><br> **ORDER** |

Before the Court is Plaintiffs' Rule 59 Motion to Reconsider Order Denying Preliminary Injunction. A motion to alter or amend judgement under Rule 59(e) of the Federal Rules of Civil procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiffs allege that correspondence to the Court from former Board member Thomas submitted pursuant to this Court's order of October 1, 2013, demonstrates that Defendant Board member Kirschbaum misled the court and may have committed perjury. The Court considered Thomas's letter prior to issuing its detailed ruling and found no discrepancy that warranted either further evidentiary exploration or called into question Kirschbaum's credibility. Kirschbaum testified that the three members not reappointed in April 2012 were her good friends and that she was aware they believed they had been ousted because of their vote in the Flibotte case. This is essentially what she apparently tried to communicate to Thomas by showing him the Flibotte clemency recommendation letter. Kirschbaum also testified that she "did not know" whether she shared her former Board members' belief about the reason for *their* ouster and that she did not believe *her* votes would affect whether she got reappointed at the expiration of her term. Nothing in Thomas's correspondence contradicts this testimony. Moreover, the Court accepted as true that Governor Brewer's failure to reappoint the former Board members was driven, at least in part, by dissatisfaction with those members' past votes.

**IT IS THEREFORE ORDERED** that Plaintiffs' Rule 59 Motion to Reconsider Order Denying Preliminary Injunction (**Doc. 32**) is **DENIED**.

DATED this 4th day of October, 2013.

Roslyn O. Silver
Senior United States District Judge